Kassabian (SBN 260358)
Email: rkassabian@reedsmith.com
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080

Attorneys for Defendant
Synchrony Bank

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JOHN KNEISLEY,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>SYNCHRONY BANK and DOES 1-20,<br><br>　　　　　Defendants. | Case No.: 8:19-cv-1853<br><br>Removal from Superior Court of California, County of Orange-Central Justice Center, Case No. 30-2019-01093062-CL-NP-CJC]<br><br>**NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1441**<br><br>Action Filed: August 26, 2019 |

1  TO THE CLERK OF THE UNITED STATES DISTRICT COURT OF THE
2  CENTRAL DISTRICT OF CALIFORNIA:

4  **PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1331, 1441 and
5  1446, Defendant Synchrony Bank ("Synchrony") hereby files a Notice of Removal
6  for the above-captioned action from the Superior Court of the State of California for
7  the County of Orange to United States District Court for the Central District of
8  California.  In support of this Notice of Removal, Synchrony states as follows:
9       1.     Synchrony is a named defendant in a lawsuit that was filed on August
10 26, 2019, in the Superior Court of Orange, California, styled *Jonh Kneisley v.*
11 *Synchrony Bank, and DOES 1-20,* No. 30-2019-01093062-CL-NP-CJC] ("State
12 Court Action").
13      2.     On August 29, 2019, counsel for Plaintiff Jonh Kneisley ("Plaintiff")
14 served Synchrony's counsel with the Complaint and Summons in the State Court
15 Action, a copy of which is attached hereto as **Exhibit A**.
16      3.     Pursuant to 28 U.S.C. § 1446(a), attached hereto as **Exhibit A** is a
17 true and correct copy of all substantive records and proceedings from the state court
18 served upon Synchrony.
19      4.     As set forth more fully below, this case is properly removed to this
20 Court pursuant to 28 U.S.C. § 1441 because Synchrony has satisfied the procedural
21 requirements for removal, and this Court has subject matter jurisdiction over this
22 action pursuant to 28 U.S.C. § 1331.
23                        **GROUNDS FOR REMOVAL**
24 **I. Synchrony Has Satisfied The Procedural Requirements For Removal.**
25      5.     Synchrony was served by personal service on August 29, 2019.
26 Therefore, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b) because

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  Synchrony is filing its Notice of Removal within 30 days of its receipt of the initial
2  pleading setting forth the claim for relief upon which such action is based.
3     6.     This Court is the proper division because it embraces the Superior
4  Court of the State of California for the County of Orange, where Plaintiff's action is
5  pending.  *See* 28 U.S.C. §§ 1441 and 1446(a).
6     7.     No previous request has been made for the relief requested herein.
7     8.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is
8  being served on Plaintiff, and a copy is being filed with the State Court Clerk.
9  **II. Removal Is Proper Because This Court Has Subject Matter Jurisdiction.**
10    9.     Under 28 U.S.C. § 1331, United States District Courts are vested with
11 jurisdiction to consider cases or controversies "arising under" the laws of the United
12 States of America.  *See* 28 U.S.C. § 1331.
13    10.    Removal of such cases is governed by 28 U.S.C. § 1441(b).  Section
14 1441(b) makes clear that a case brought in state court, raising a federal question,
15 "*shall* be removable" to the United States District Courts "without regard to the
16 citizenship or residence of the parties." *See* 28 U.S.C. § 1441(b) (emphasis added).
17    11.    Here, Plaintiff's Complaint purports to assert a claim against
18 Synchrony for alleged violations of the Telephone Consumer Protection Act, 47
19 U.S.C. § 227 *et seq.* (the "TCPA").  *See* Complaint, *generally*.
20    12.    Plaintiff's Complaint alleges Synchrony is improperly using an
21 automatic telephone dialing system to repeatedly call Plaintiff's cellular phone as
22 well as other alleged violations of a federal statute, the TCPA, and consequently
23 "arises under" the laws of the United States.  *See* 28 U.S.C. § 1331.  Therefore, this
24 Court may properly exercise jurisdiction over this claim.
25    13.    To the extent that any other claims in this action may arise under state
26 law, supplemental jurisdiction over such claims exists pursuant to 28 U.S.C. § 1367.
27
28

– 2 –
SYNCHRONY BANK'S NOTICE OF
REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1441

14. Given that the requirements for federal question jurisdiction are satisfied, this case is properly removed.

WHEREFORE, Defendant Synchrony Bank, by counsel, respectfully requests that the above-referenced action, originally filed in the Superior Court of the State of California for the County of Orange, be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

DATED: September 27, 2019        REED SMITH LLP

By: */s/ Raffi Kassabian*
Raffi Kassabian
Attorneys for Defendant
Synchrony Bank