Raffi Kassabian (SBN 260358)
Email: RKassabian@reedsmith.com
Steven P. Warner (SBN 159404)
Email: swarner@reedsmith.com
REED SMITH LLP
355 South Grand Avenue, Suite 2800
Los Angeles, CA 90071
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080

*Attorneys for Defendant Synchrony Bank*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN KNEISLEY,<br><br>    Plaintiff,<br><br>vs.<br><br>SYNCHRONY BANK and DOES 1-20,<br><br>    Defendants. | Case No. 8:19-cv-1853-JLS-KES<br><br>**JOINT RULE 26(f) REPORT AND EXHIBIT A THERETO**<br><br>Compl. Filed:   August 26, 2019<br><br>Sched. Conf. Date: December 20, 2019<br>Time:                       10:30 a.m.<br>Courtroom:            10A, 10th Fl.<br><br>Honorable Josephine L. Staton |

Case No. 8:19-cv-1853-JLS-KES
JOINT RULE 26(f) REPORT AND EXHIBIT A THERETO

Pursuant to Federal Rules of Civil Procedure, Rule 26(f), Local Rule 26-1, and this Court's November 1, 2019 Order Setting Scheduling Conference (ECF No. 14), Plaintiff, John Kneisley ("Plaintiff") and Defendant, Synchrony Bank ("Defendant"), (collectively, the "Parties"), by and through the undersigned, hereby file this Joint Report

### A.     Statement of the Case

On July 24, 2019, Plaintiff informed Defendant via certified mail that Plaintiff refused to pay Plaintiff's debt to Defendant and that Plaintiff did not want to receive further telephonic communications from Defendant. Said written communication was received by Defendant on August 4, 2019. Thereafter, Defendant continued to collect Plaintiff's debt directly from Plaintiff in violation of both the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 ("RFDCPA"); and, the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

### Defendant's Statement of Case -

Synchrony denies that it violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, or the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), CAL. CIV. CODE § 1788. Synchrony also denies that Plaintiff is entitled to any relief. By way of illustrative example, and without limiting Synchrony's other defenses, Synchrony denies that it called Plaintiff using an Automatic Telephone Dialing System ("ATDS"). Moreover, Plaintiff contractually consented to be called by Synchrony "using all channels of communication and for all purposes," including "automatic telephone dialing systems and/or an artificial or prerecorded voice" and cannot unilaterally revoke this contractual provision. *Reyes v. Lincoln Auto. Fin. Servs.*, No. 16-2104-CV, 2017 WL 2675363, at *4-7 (2d Cir. June 22, 2017).

Further, Plaintiff has no Article III standing, as Plaintiff suffered no real, concrete injury as a result of any alleged calls. Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547, 194 L. Ed. 2d 635 (2016), as revised (May 24, 2016).

Nor did Synchrony engage in collection activity that was harassing, oppressive, abusive, unfair, unconscionable, or otherwise in violation of the RFDCPA.

### B. Legal Issues

The following is a discussion of the legal issues of which the Parties are presently aware at this early stage of the litigation. The Parties waive no rights, claims, defenses, or arguments in the presentation of this discussions.

Plaintiff anticipates filing a Motion for Summary Judgment regarding Defendant's liability pursuant to both the RFDCPA; and, TCPA.

**Defendant's Legal Issues -**

Synchrony believes the case involves the following principal issues: (1) whether Synchrony's alleged conduct violated the TCPA or the RFDCPA; (2) whether Synchrony has defenses to liability under those statute; and (3) whether Plaintiff sustained any damages as a result of Synchrony's alleged conduct.

At this time, the Parties are not aware of any unusual substantive, procedural, or evidentiary issues.

### C. Damages

Plaintiff seeks the recovery of statutory damages, attorneys, fees, and costs from Defendant.

**Defendant's Statement of Damages**

Synchrony denies that it caused any damages to Plaintiff and denies that Plaintiff is entitled to any relief.

### D. Insurance

Plaintiff does not have any applicable insurance policies.

**Defendant's Statement regarding Insurance -**

Synchrony does not believe any insurance policies are relevant to this matter.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

E. **Motions (Seeking to Add Other Parties or Claims, File Amended Pleadings, Transfer Venue)**

Plaintiff does not anticipate filing a motion to add any other parties or claims at this time, nor does Plaintiff intend to file any additional amended pleadings.

**Defendant's Motions**

Synchrony anticipates filing a motion to compel arbitration if this matter is not resolved in the near future. If the case is not moved into arbitration, Synchrony anticipates filing a dispositive motion, as well as motions *in limine*.

F. **Complexity**

The parties do not believe the facts of this case warrants the use of the Manual for Complex Litigation.

G. **Status of Discovery**

The Parties have focused their efforts on settlement discussions. If these discussions are unsuccessful, Plaintiff will propound discovery on December 20, 2019.

**Defendant's statement regarding the Status of Discovery -**

At this very early stage of the case, no discovery has been conducted to date. Initial disclosures will be made on January 10, 2020, per the Federal Rules of Civil Procedure and by stipulation of party.

H. **Discovery Plan**

Plaintiff's discovery will confirm the receipt of Plaintiff's refusal to pay letter and investigate the various contacts by Defendant following receipt.

**Defendant's statement regarding Discovery**

If the case is not moved into arbitration, Synchrony reserves the right to propound written discovery on Plaintiff and take depositions of Plaintiff and other relevant witnesses. Synchrony believes that there will be discovery surrounding Plaintiff's account(s) and the communications associated with the account(s). Synchrony does not believe that phasing of discovery is necessary. Synchrony does

Case No. 8:17-cv-00201-JLS(KESx) – 3 –
JOINT RULE 26(f) REPORT AND EXHIBIT A THERETO

not anticipate any issues related to electronic discovery. Synchrony anticipates that parties will be able to agree on a confidentiality agreement. Synchrony does not require any changes to be made in the timing, form, or requirement for disclosures under Fed. R. Civ. P. Rule 26(a). Synchrony does not request any other orders be entered by the Court at this time.

### I.   Expert Discovery

Plaintiff does not anticipate utilizing an expert but may need an expert regarding Defendant's dialing technology.

**Defendant's statement regarding Expert Discovery**

Synchrony does not anticipate the need for expert witnesses at this time, but reserves the right to designate and use such witnesses in the future as the need arises.

As to time of experts, see Exhibit A.

### J.   Dispositive Motions

Plaintiff will file a Motion for Summary Judgment regarding Plaintiff's RFDCPA; and, TCPA claims as Plaintiff does not believe any triable issues of fact exist.

**Defendant's statement regarding Dispositive Motions**

Based upon what is known at this time, Synchrony believes that possible issues and claims for dispositive motions could be whether Plaintiff effectively revoked consent, and/or whether Synchrony utilized an ATDS as that term is defined by the TCPA. Synchrony reserves the right to file dispositive motions as appropriate based upon the factual and legal issues that develop as this matter progresses.

### K.   Alternative Dispute Resolution ("ADR") Procedure Selection:

Plaintiff is amenable to ADR Procedure No. 3.

**Defendant's statement regarding ADR**

Synchrony would select ADR Procedure No. 3. Synchrony anticipates filing a motion to compel arbitration if this matter is not resolved in the near future.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

L. **Settlement Efforts:**

The Parties are engaged in on going settlement discussions.

M. **Preliminary Trial Estimate:**

Plaintiff believes this trial will last one to two days and requests a bench trial.

**Defendant's statement regarding Preliminary Trial Estimate -**

Synchrony anticipates one to two days for trial.

N. **Trial Counsel**

Trial counsel for Plaintiff is Matthew M. Loker, Esq.

**Defendant's statement regarding Trial Counsel**

Trial Counsel for Synchrony: Synchrony anticipates that Raffi Kassabian and Steven Warner will be trial counsel for this matter.

N. **Independent Expert or Master**

Plaintiff does not believe the use of an independent expert or master is necessary in this action.

**Defendant's statement regarding Expert Master -**

At this stage of the case, the Defendant does not see a need for appointing a master pursuant to Federal Rule of Civil Procedure, Rule 53, or an independent scientific expert.

O. **Other Issues**

Plaintiff is not aware of any other issues.

**Defendant's statement regarding Other Issues**

For Synchrony, none at this time.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DATED: December 9, 2019

**KAZEROUNI LAW GROUP, APC**

By: ___/s/ Matthew M. Loker___
MATTHEW M. LOKER, ESQ.
ATTORNEY FOR PLAINTIFF

**REED SMITH LLP**

By: ___/s/ Steven Warner___
RAFFI KASSABIAN, ESQ.
STEVEN WARNER, ESQ.
ATTORNEY FOR SYNCHRONY

## SIGNATURE CERTIFICATION

Pursuant to Section 2(f)(44) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to all defense counsel, and that I have obtained their authorization to affix electronic signatures to this document.

DATED: December 9, 2019

**KAZEROUNI LAW GROUP, APC**

By: ___/s/ Matthew M. Loker___
MATTHEW M. LOKER, ESQ.
ATTORNEY FOR PLAINTIFF

# EXHIBIT A

## PROPOSED SCHEDULE OF PRETRIAL AND TRIAL DATES

CASE NAME: JOHN KNEISLEY, v. SYNCHRONY BANK CASE NO. 8:19-CV-1853-JLS-KES

| Matter | Deadline | Plaintiff(s) Request | Defendant(s) Request |
|---|---|---|---|
| Last Day to File Motions to Add Parties and Amend Pleadings | Scheduling Conference Date plus 60 Days | February 18, 2020 | February 18, 2020 |
| Fact Discovery Cut-Off | 18 weeks before the Final Pretial Conference ("FPTC") | Monday, October 5, 2020 | Monday, October 5, 2020 |
| Last Day to Serve Initial Expert Reports | 16 weeks before the FPTC | Monday, October 19, 2020 | Monday, October 19, 2020 |
| Last Day to File Motions (Except *Daubert* and all other Motions in Limine) | 16 weeks before the FPTC | Monday, October 19, 2020 | Monday, October 19, 2020 |
| Last Day to Serve Rebuttal Expert Reports | 12 weeks before the FPTC | Thursday, November 19, 2020 | Thursday, November 19, 2020 |
| Last Day to Conduct Settlement Proceedings | 9 weeks before the FPTC | Friday, December 4, 2020 | Friday, December 4, 2020 |
| Expert Discovery Cut-Off | 8 weeks before the FPTC | Friday, December 4, 2020 | Friday, December 4, 2020 |
| Last Day to File *Daubert* Motions | 7 weeks before the FPTC | Friday, December 11, 2020 | Friday, December 11, 2020 |
| Last Day to File Motions in Limine (excluding *Daubert* Motions) | 4 weeks before the FPTC | Tuesday, January 19, 2021 | Tuesday, January 19, 2021 |
| Final Pre-Trial Conference (Friday at 10:30 a.m.) | n/a | February 19, 2021 | February 19, 2021 |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Case No. 8:19-cv-1853-JLS-KES
JOINT RULE 26(f) REPORT AND EXHIBIT A THERETO